

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON ALEX POWELL,

        Plaintiff,

v.

R. INGRAM, R.N. HUM, DELITHA
TAYLOR, DDS, AND NURSE JANE
DOE, #10763, NURSE JANE DOE, #11123,
in their individual capacity,

        Defendants.
_____/

Case No. 05-60046
Honorable Marianne O. Battani

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION**

On February 24, 2005, Plaintiff Deon Alex Powell, filed a complaint, pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that Defendants, employees of the Michigan Department of Corrections ("MDOC"), deprived him of his constitutional rights under the Eighth and Fourteenth Amendments. Specifically, Powell asserts that Defendants were deliberately indifferent to a serious medical need. Defendant R. Ingram is the Manager for the Health Care Department of the MDOC at Mound Correctional Facility. Defendant Delitha Taylor is a dentist and a supervisor of the Health Care Department. Jane Doe Defendants are registered nurses employed in the Mound Road Facility, where Plaintiff is incarcerated.

1

## I. PROCEDURAL BACKGROUND

After this action was filed, it was referred to Magistrate Judge Wallace Capel, Jr., for all pretrial proceedings. See 28 U.S.C. § 636(b)(1). In a Report and Recommendation dated April 6, 2005, Magistrate Judge Capel recommended dismissing the complaint for failure to comply with section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA bars inmates from challenging prison conditions in federal court unless they first exhaust available administrative remedies. 42 U.S.C. § 1997e(a). The Court adopted the recommendation and dismissed the Complaint. Thereafter, Plaintiff filed objections. Because the Court entered judgment before the time for filing objections had expired, the Court considers the merits of the objections raised by Plaintiff.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## III. ANALYSIS

Plaintiff raises three objections, all focusing on the issue of exhaustion. Before addressing the specific arguments advanced by Plaintiff, the Court notes that Plaintiff bears the burden of proving exhaustion. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). If the prisoner's complaint does not contain "[p]articularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. At all times, however, the Court must heed the well established principle that *pro se* complaints are

2

to be liberally construed. Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003) (citation omitted). With these principals in mind, the Court directs its attention to the Plaintiff's objections.

First, Plaintiff argues that under Booth v. Charner, 532 U.S. 731, 738 (2001), he is not required to exhaust all administrative remedies, "only those "available to the inmate." Plaintiff is correct; he is required to exhaust only those administrative remedies available to him. Nevertheless, Plaintiff's reliance on Booth as a basis to reject the Report and Recommendation is misplaced. The Sixth Circuit has articulated what remedies are available to an inmate incarcerated in Michigan and further specified how they are exhausted. The MDOC requires the prisoner to file Steps I, II and III of the grievance process. Burton, 321 F.3d at 574. An inmate fails to exhaust administrative remedies when he "fails to invoke the prison's grievance procedure[,]" or "when [he] file[s] such a grievance but [does] not appeal the denial of that complaint to the highest possible administrative level..." Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (internal quotation marks and citation omitted). Here, the Magistrate Judge applied the correct standard to Plaintiff's claims.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's failure to name Defendants at Step I of the grievance level bars his complaint. Plaintiff reasons that some of the Defendants were not involved until after the first grievance was filed; that is, the wrongdoing occurred when those Defendants included false statements in the response to his grievance. Plaintiff's objection cannot be sustained under the law of this circuit. Under controlling law, the prisoner must "[a]dministratively exhaust his...claim as to each defendant associated with the claim . . . ." Burton, 321 F.3d at 574-75 (citation omitted). For a court to find "[t]hat a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." Id. at

3

576, fns. 4 & 5 (claim of retaliation which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).

Finally, Plaintiff objects specifically to the recommendation that claims against Defendants Ingram and Taylor ought to be dismissed. He asserts that because they were supervisors and their signatures appear on the grievance at Step I and Step II, they are not entitled to immunity.

The Court observes that the Magistrate Judge did not rely on immunity as a basis for his recommendation. Here, the Magistrate Judge recommended dismissal of Plaintiffs' entire complaint on the grounds that Powell failed to pursue his grievance as to these Defendants. The fact that a Defendant reviewed a grievance does not constitute notice that he is responsible. In Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001) (rejecting the plaintiffs' arguments that because prison officials were aware of the underlying facts involving their claim, they did not need to identify every defendant), the Sixth Circuit noted that when the claim against the defendant was "a separate claim, against a separate individual, premised on a separate and independent legal theory," the defendant needed to be identified. The appellate court further observed that when a defendant was not mentioned in a plaintiff's grievances, prison officials did not have any reason to pursue any of the claims or to take disciplinary action against a particular defendant. Id. Merely grieving prison conditions, without identifying any particular person responsible is insufficient. Gibbs v. Bolden, 151 F.Supp.2d 854, 857 (E.D. Mich. 2001).

In sum, in light of clear, relevant governing law, Defendant's recitation to and reliance upon case law outside this circuit fails to persuade the Court that his objections warrant rejecting the Report and Recommendation. In this case, Plaintiff has failed to allege or prove that he has exhausted his administrative remedies as to any Defendant. A prisoner must pursue all levels of the

4

prison's administrative procedure before he can file a complaint in federal court. Smeltzer v. Hook, 235 F.Supp.2d 736, 740 (W.D.Mich. 2002).

## IV. CONCLUSION

For the reasons stated above, the Court finds that Powell did not exhaust his administrative remedies with respect to his claims. Accordingly, his objections are DENIED.

IT IS SO ORDERED.

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Deon Alex Powell, #246588, Mound Correctional Facility, 17601 Mound Road, Detroit, MI, 48212 on this date by ordinary mail.

Deputy Clerk